W. O. BACON, Trustee of Estey & Camp, v. W. J. CARR AND
   CHARLES S. BRADSHAW, Receiver, Appellants.

Landlord's Lien: EXEMPT PROPERTY ABANDONED BY TENANT. Code,
   section 2992, provides that a landlord shall have a lien on the
   tenant's personal property kept or used on the premises during
   the term, and not exempt from execution. *Held,* that where
   exempt property was left on the premises by the tenant
   at the end of his term, the landlord acquired no lien thereon,
   since his right to a lien terminated with the tenancy, and the
   exemption continued up to that time, and the property was not
   kept or used on the premises after their surrender, within such
   section.

SAME. Where a tenant. on the termination of his tenancy. leaves
   on the premises exempt mortgaged chattels, and writes the
   mortgagees, residing at a distance, that he cannot satisfy the
   mortgage, and offering to assist them in disposing of the prop-
   erty, the letter amounts to such a surrender of the property to
   the mortgagees as will prevent the landlord from acquiring a
   lien for rent.

*Appeal from Polk District Court.*—HON. S. F. PROUTY,
                         Judge.

              TUESDAY, OCTOBER 16, 1900.

   ACTION upon an agreed statement of facts to deter-
mine priority of liens. Judgment for plaintiff. Defendants
appeal.—*Affirmed.*

   *Charles S. Bradshaw* for appellants.

   *Dale & Allen* for appellee.

   SHERWIN, J.—W. J. Carr purchased of Estey & Camp
a piano, and gave them a mortgage thereon for the pur-
chase price. The piano was afterwards kept and used upon
premises leased by Carr of the defendant Bradshaw, and
situated in Dickinson county, this state. On the twenty-

third of August, 1898, Carr abandoned the leased premises and declared his intention to remove to Omaha, Neb., where he did thereafter locate. Appellant concedes that the piano, when taken upon the leased premises, and up to the time of their abandonment by Carr, was exempt to him, but contends that after such abandonment it ceased to be exempt and was subject to landlord's attachment for unpaid rent, under the statute. With this view we cannot concur. The mortgage was for the purchase price of property which became exempt the moment it was delivered to the purchaser. It was not taken on to the leased premises until some time after the lease was executed, and after the tenant had gone into possession. On the day that the premises were abandoned, Mr. Carr wrote Estey & Camp that he was unable to pay for the instrument, and offered to assist them in making disposition thereof; and it may fairly be said that by this act he surrendered all claim thereto, and left it on the premises for Estey & Camp. If this be true, we think the lien of the landlord never attached to it. Up to the very moment he left, the property was exempt, and no lien could attach. Estey & Camp were in Chicago, and he could not personally surrender to them possession of the piano, or do more than he did by his letter. After abandonment of the premises, he certainly did not keep or use it thereon. The landlord's lien is created only by virtue of the tenancy. The tenancy ceasing at the time it is claimed the exemption was removed, the lien of the landlord could not be created, even if it were proved that Carr was about to leave the state. The judgment of the district court is AFFIRMED.

GRANGER, C. J., not sitting.